```
                   IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

DAVID WEAVER,                    )
                                 )      Civil No. 04-731-JE
         Petitioner,             )
                                 )
     v.                          )
                                 )
SHARON BLACKETTER,               )
                                 )      FINDINGS AND RECOMMENDATION
         Respondent.             )
```

   Anthony D. Bornstein
   Assistant Federal Public Defender
   101 SW Main Street, Suite 1700
   Portland, Oregon 97204

        Attorney for Petitioner

   Hardy Myers
   Attorney General
   Lester R. Huntsinger
   Senior Assistant Attorney General
   Department of Justice
   1162 Court Street NE
   Salem, Oregon 97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his underlying state convictions for Rape, Sodomy, Unlawful Sexual Penetration, and Sexual Abuse. For the reasons that follow, petitioner's Amended Petition for Writ of Habeas Corpus (#57) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On January 20, 1994, the Lincoln County Grand Jury returned an indictment charging petitioner with twelve counts of Rape in the First Degree, three counts of Sodomy in the First Degree, two counts of Unlawful Penetration in the First Degree, and nine counts of Sexual Abuse in the First Degree. Respondent's Exhibit 102. The trial court granted petitioner's motion for acquittal on two of the sexual abuse counts, and the jury found petitioner guilty on the remaining counts. Respondent's Exhibit 103. In total, the court imposed a 295-month sentence, plus a period of post-prison supervision. Respondent's Exhibit 101.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed the trial court in a written opinion, and the Oregon Supreme Court denied review. State v. Weaver, 139 Or. App. 207, 911 P.2d 969 (1996), rev. denied 323 Or. 483, 918 P.2d 848 (1996); Respondent's Exhibits 105 & 107.

2 - FINDINGS AND RECOMMENDATION

Petitioner next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Respondent's Exhibit 128. The Oregon Court of Appeals granted respondent's motion for summary affirmance, and the Oregon Supreme Court denied review. Respondent's Exhibits 132 & 134.

On May 28, 2004, petitioner filed this action. Petitioner's grounds for relief as set forth in his Amended Petition for Writ of Habeas Corpus can be characterized as follows:

1.  Trial counsel was ineffective when he:

    (a) Failed to conduct a thorough investigation and consequently failed to present exculpatory testimony and evidence;

    (b) Failed to object to the prosecution's bolstering of the state's medical expert Dr. Charlene Sabin when the prosecutor asked: "And of the children that you examined or treated for suspected child abuse, were those cases confirmed by the offender either admitting the acts of sex abuse against the children or being found guilty by a jury?" Dr. Sabin responded: "In many cases, they were, yes." (Tr. Vol. II, p. 196);

    (c) Failed to seek funds to hire, and failed to hire and consult an expert to rebut the testimony of Drs. Laura Ouelette and Charlene Sabin when they testified concerning medical evidence indicating abuse;

    (d) Failed to object to the complaining witness's holding a stuffed animal during her testimony, thereby provoking undue sympathy, bolstering her testimony and allowing impermissible factors to affect the jury's determination; and

    (e) Failed to investigate and subpoena witnesses identified by petitioner and discussed with trial counsel and his investigator.

3 - FINDINGS AND RECOMMENDATION

In addition, petitioner seeks alternative relief via an evidentiary hearing.

Respondent asks the court to deny relief on the Amended Petition because: (1) Grounds 1(a) and 1(e) are insufficiently pled; (2) Grounds 1(b), 1(d), and 1(e) were not fairly presented to the state courts and are now procedurally defaulted; and (3) the state court decisions denying relief on Grounds 1(a) and 1(c) are entitled to deference and lack merit. Furthermore, respondent asks the court to deny petitioner's request for alternative relief via an evidentiary hearing because the state courts provided petitioner with a full and fair opportunity to develop his claims, and petitioner has failed to show what additional evidence would be produced by such a hearing. Respondent's Response to Amended Habeas Petition (#60), p. 21.

## DISCUSSION

### I. Exhaustion and Procedural Default.

Respondent contends that petitioner failed to fairly present the following claims that trial counsel was ineffective to the Oregon state courts and that they are now procedurally defaulted: Ground 1(b)(claim that counsel was ineffective for failing to object to prosecution's bolstering of the testimony of Dr. Sabin, the state's medical expert); Ground 1(d) (claim that counsel was ineffective for failing to object to the victim's holding of a stuffed animal during her testimony); and Ground 1(e)(claim that

counsel was ineffective for failing to investigate and subpoena witnesses identified by petitioner and discussed with trial counsel and his investigator).

**A. Standards**.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. Rose v. Lundy, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S.

5 - FINDINGS AND RECOMMENDATION

722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

**B.   Analysis.**

Petitioner's Grounds 1(b) and 1(d) relate to trial counsel's alleged failure to make certain objections at trial. Ground 1(b) pertains to counsel's alleged failure to object to the prosecution's bolstering of the testimony of the state's medical expert, Dr. Sabin. Ground 1(d) focuses on counsel's alleged failure to object to the victim's holding of a stuffed animal during her testimony. By contrast, petitioner's PCR Appellant's Brief raised two claims of ineffective assistance of counsel based on counsel's alleged failure to: (1) adequately prepare for trial given the scope and seriousness of the charges; and (2) consult with and retain an appropriate expert witness to refute the testimony of the state's medical experts. Respondent's Exhibit 129, pp. 12-14. Though petitioner did present the ineffective assistance claims contained in Grounds 1(b) and 1(d) to the PCR trial court, he failed to raise them on appeal. Accordingly,

6 - FINDINGS AND RECOMMENDATION

Grounds 1(b) and 1(d) were not properly exhausted and are now procedurally defaulted.

With respect to Ground 1(e), the court need not determine whether it was fairly presented to Oregon's state courts because, as discussed below, this claim is without merit. See 28 U.S.C. § 2248(b)(2)("An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

## II. The Merits.

### A. Standard of Review.

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are

materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id at 410. The state court's application of clearly established law must be objectively unreasonable. Id at 409.

    B.    **Ineffective Assistance of Trial Counsel**.

        1.    Grounds 1(a) and 1(e): Failure to conduct a thorough investigation and consequential failure to present exculpatory testimony and evidence; and failure to investigate and subpoena witnesses identified by petitioner and discussed with trial counsel and his investigator.

In Grounds 1(a) and 1(e), petitioner alleges that trial counsel was constitutionally ineffective when he failed to adequately investigate his case and failed to investigate and subpoena witnesses identified by petitioner. The Supreme court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S.

8 - FINDINGS AND RECOMMENDATION

668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." Id at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. Id at 696.

The PCR trial court made the following pertinent findings of fact and conclusions of law relating to these ineffective assistance of trial counsel claims:

### FINDINGS OF FACT

1. Counsel was completely prepared for trial. Counsel retained the services of an investigator, Gary Corbett. Corbett fully investigated petitioner's case. Petitioner never asked counsel to continue the trial. Petitioner has failed to supply any evidence to support his claim that, if counsel had requested and obtained a continuance of the trial, the outcome of petitioner's case would have been affected.

* * *

10. Counsel was fully prepared for trial and did give an opening statement.

* * *

9 - FINDINGS AND RECOMMENDATION

>    12.   Counsel and petitioner's investigator interviewed all defense witnesses and attempted to find exculpatory information and evidence in petitioner's case. There were no additional witnesses or evidence that counsel or the investigator could have located and obtained for petitioner at trial.
>
>                         CONCLUSIONS OF LAW
>
>    1.    Based on the findings of fact set forth above, in the underlying criminal proceedings resulting in petitioner's conviction, petitioner was not denied the right to assistance of counsel, as guaranteed by [ ] the United States Constitution and as articulated by the [ ] Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). . . .

Respondent's Exhibit 127, pp. 4-7.

Significantly, in his briefing, petitioner does not specify for the court what additional investigatory actions counsel should have taken and what exculpatory testimony or evidence he expected such investigation would have revealed. Moreover, he fails to provide the names of those individuals he contends he identified and discussed with counsel and counsel's investigator and believes should have been investigated and subpoenaed on his behalf. Petitioner's Memorandum of Law in Support of Petition (#57, Attachment #1), pp. 4-5, 7, 9, 13-14.[1] Accordingly, I conclude

---

[1] The court notes that during his PCR deposition and trial, petitioner indicated that counsel should have interviewed and called as witnesses his father, his employer, owners of a local hobby shop, and a friend of the victim. Respondent's Exhibit 120, pp. 30-35; Respondent's Exhibit 125, pp. 31-37. However, beyond petitioner's own self-serving statements, no evidence concerning how these individuals would have testified was submitted during post-conviction proceedings.

that petitioner's arguments with respect to Grounds 1(a) and 1(e) do not rise to the level of rebutting the PCR trial court's findings of fact by clear and convincing evidence. Thus, these claims fail under the deficient performance prong of <u>Strickland</u>.

    2.   <u>Ground 1(c): Failure to seek funds to hire, and failure to hire and consult an expert to rebut the testimony of Drs. Laura Ouelette and Charlene Sabin when they testified concerning medical evidence indicating abuse</u>.

In Ground 1(c), petitioner alleges that trial counsel was ineffective in failing to petition the court for funds to hire an expert medical witness, and in failing to present expert testimony to rebut the testimony of the state's medical experts. The PCR trial court made the following pertinent finding of fact relating to this claim:

### FINDINGS OF FACT

\* \* \*

    7.   Petitioner did not have the funds to hire an expert witness. Counsel was able to raise doubt in the minds of the jurors regarding the conclusions of the State's expert witnesses during cross-examination. Petitioner has failed to supply any evidence that his trial would have been affected if counsel had hired an expert witness to testify during his trial.

Respondent's Exhibit 127, p. 5.

Petitioner maintained during his PCR trial court hearing that given the information in the medical report indicating that the victim's hymen was intact with just "a little tear," it was

11 - FINDINGS AND RECOMMENDATION

important that an expert witness testify on his behalf. Memorandum of Law in Support of Petition for Writ of Habeas Corpus (#57, Attachment #1), p. 5. However, even assuming counsel's performance was deficient for not petitioning the court for funds to hire a medical expert, "[s]peculation about what an expert could have said is not enough to establish prejudice." Grisby v. Blodgett, 130 F.3d 832, 839 (9th Cir. 2001). Here, petitioner has presented no evidence, such as a declaration, setting forth what an expert would have said and how such testimony would have benefitted him. Having submitted no declaration or other supporting evidence, petitioner cannot demonstrate that counsel was constitutionally ineffective for failing to procure an expert. Accordingly, this claim fails under Strickland's prejudice prong.

Finally, petitioner asks the court to conduct an evidentiary hearing in the event that it "harbors any reservations concerning the historical facts." The court is satisfied with the development of the facts in this case. Accordingly, petitioner's request for an evidentiary hearing to further develop the merits of his claims is denied.

## RECOMMENDATION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#57) and petitioner's alternative request for an evidentiary hearing should be DENIED, and judgment should enter DISMISSING this case with prejudice.

12 - FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in order of judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this  27th  day of April, 2007.

              /s/ John Jelderks
            John Jelderks
            United States Magistrate Judge